UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:14-CV-01334

| | |
|---|---|
| Scott D. Cichantek,<br><br>    Plaintiff,<br><br>v.<br><br>Delbert Services Corporation, and CashCall, Inc.,<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by Defendants in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Scott D. Cichantek (hereinafter "Plaintiff") is a natural person who resides in the City of Apple Valley, County of Dakota, State of Minnesota, and

is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), a person effected by a violation of the FDCPA as described in 15 U.S.C. § 1692k(a), and a person effected by a violation of the TCPA.

5. Defendant Delbert Services Corporation (hereinafter "Defendant Delbert") is a collection agency and foreign corporation with its principal place of business at 7125 Pollock Drive, Las Vegas, Nevada 89119, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant CashCall, Inc. (hereinafter "Defendant CashCall") is a payday lender and foreign corporation with its principal place of business at 1600 S. Douglass Road, Anaheim, California 92806.

## FACTUAL ALLEGATIONS

7. Defendant Delbert and Defendant CashCall (collectively "Defendants") attempted to collect from Plaintiff an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the balance of a payday loan allegedly incurred by Plaintiff's ex-wife.

8. This alleged debt apparently arose from a payday loan given by Defendant CashCall to Plaintiff's ex-wife, and was then consigned, placed or otherwise transferred to Defendant Delbert for collection from Plaintiff.

9. Plaintiff has never taken out a loan with Defendant CashCall, and has never had a contractual relationship with, or a financial obligation to, Defendant CashCall.

10. Yet, Defendants have repeatedly called Plaintiff to collect this alleged debt in violation of the FDCPA and TCPA.

### *Illegal Third Party Contacts and*
### *Multiple Illegal Collection Calls to Plaintiff*

11. Before November 2013, Defendant CashCall repeatedly called Plaintiff's cellular phone regarding this alleged debt.

12. In or around November 2013, Defendant Delbert started to make collection calls to Plaintiff regarding this alleged debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. During one of these collection calls on or about November 11, 2013, Plaintiff answered and a collection agent for Defendant Delbert asked to speak with Plaintiff's ex-wife, Gina.

14. Plaintiff responded that Defendant Delbert had the wrong number and that Gina could not be reached at this number.

15. Again, during another collection call on or about November 19, 2013, Plaintiff answered and a collection agent for Defendant Delbert asked to speak with Plaintiff's ex-wife, Gina.

16. Plaintiff again responded that Defendant Delbert had the wrong number and that Gina could not be reached at this number.

17. Defendant Delbert's collection agents ignored Plaintiff and continued to make collection calls to Plaintiff's cellular telephone for his ex-wife.

18. These calls made by Defendant Delbert to Plaintiff failed to conform to the allowable communications with third parties pursuant to 15 U.S.C. §§ 1692b and 1692c(b), namely, by calling more than once and failing to limit their request to "location information" as defined by 15 U.S.C. § 1692a(7) as the consumer's place of abode and telephone number at such place, or her place of employment.

19. During these collection calls, Defendant Delbert also failed to state that they were confirming or correcting location information concerning the consumer as required by 15 U.S.C. § 1692b(1).

20. Plaintiff was angered and frustrated that Defendant Delbert continued to contact him about his ex-wife's alleged debt on several occasions, especially after he explicitly explained that this was not her number and that she could not be reached at this number.

21. The above-described collection communications made to Plaintiff by Defendant Delbert were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b,

1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

### *Telephone Consumer Protection Act*

22. At all times relevant to this complaint, Plaintiff was a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

23. At all times relevant to this complaint, Defendants owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(16), that originated, routed, and/or terminated telecommunications.

24. Defendants, at all times relevant to the complaint herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. § 153(50).

25. Defendants, at all times relevant to the complaint herein, engaged in "interstate communications" by the TCPA, 47 U.S.C. § 153(28).

26. At all times relevant to this complaint, Defendants have used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

27. At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls in Violation of the TCPA and FDCPA*

28. Within four (4) years immediately preceding the filing of this lawsuit, Defendants have telephoned Plaintiff's cellular phone on numerous occasions in violation of the TCPA.

29. Plaintiff has never consented to receiving auto-dialed calls from Defendants on his cell phone.

30. In fact, Plaintiff explained to Defendant Delbert on numerous occasions that they were calling the wrong number, and demanded that they stop calling him.

31. Without Plaintiff's prior express consent, Defendant CashCall repeatedly called Plaintiff on his cell phone using an automatic telephone dialing system in an attempt to collect this alleged debt.

32. Without Plaintiff's prior express consent, and despite being told to stop calling, Defendant Delbert repeatedly called Plaintiff on his cell phone using an automatic telephone dialing system in an attempt to collect this alleged debt.

33. All of the calls from Defendants were made to Plaintiff in willful violation of the TCPA and the FDCPA because Defendants never obtained Plaintiff's prior express consent, and had no basis to believe that they had his prior express consent to make such automated dials to his cellular telephone.

34. Defendant Delbert has repeatedly and willfully contacted Plaintiff on his cellular telephone, all of which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2), and in violation of the FDCPA and TCPA.

35. Defendant Delbert's repeated autodialed collection calls to Plaintiff's cell phone within the last year prior to filing this complaint were illegal attempts to collect this alleged debt in violation of numerous and multiple provisions of the FDCPA.

36. Defendants' repeated autodialed calls to Plaintiff's cell phone within the last four years prior to filing this complaint were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

*Summary*

37. The above-described collection communications made to Plaintiff by Defendant CashCall, Defendant Delbert, and the collection employees employed by Defendant Delbert were made in violation of numerous and multiple provisions of the FDCPA and TCPA, including but not limited to all of the provisions of the FDCPA and TCPA cited herein.

38. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form anger, frustration and upset, amongst other negative emotions.

## *Respondeat Superior Liability*

39. The acts and omissions herein of the individuals employed to collect debts by Defendant Delbert and Defendant CashCall, and the other debt collectors employed as agents of Defendant Delbert and Defendant CashCall who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Delbert and Defendant CashCall.

40. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Delbert and Defendant CashCall in collecting consumer debts.

41. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant Delbert and Defendant CashCall.

42. Defendant Delbert and Defendant CashCall are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and TCPA in their attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.
### (AS TO DEFENDANT DELBERT ONLY)

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant Delbert and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

46. As a result of Defendant Delbert's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### COUNT II.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

**47 U.S.C. § 227 *et seq.***

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Within the four (4) year period immediately preceding this action, Defendants have made numerous calls to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

49. The acts and omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

50. As a causally direct and legally proximate result of the above violations of the TCPA, Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

51. Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call his cellular telephone.

52. Defendants made such calls willfully, and in direct contradiction to Plaintiff's verbal disputes and requests to stop calling him.

53. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff's cell phone.

54. Defendants willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

55. Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

56. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

57. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

58. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions"

including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

59. The Honorable Court of Appeals for the 8th Circuit recently held that violations of the TCPA were violations of a consumer's right to privacy:

> We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are "'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase[].

*Owners Ins. Co. v. European Auto Works, Inc*., 695 F.3d 814 (8th Cir. 2012) (citing *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc*., 401 F.3d 876, 881 (8th Cir. 2005)).

60. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, after being told to stop, and thereby invading Plaintiff's privacy.

61. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

62. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns and affairs.

63. The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

64. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

**COUNT I.**
**(AS TO DEFENDANT DELBERT ONLY)**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692** *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Delbert and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Delbert and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Delbert and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against each Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against each Defendant and for Plaintiff;

- for an injunction prohibiting each Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a);

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff; and

- for such other and further relief as may be just and proper.

                                  Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: April 29, 2014        By:  <u>s/Patrick J. Helwig</u>
                                            Patrick J. Helwig, Esq.
                                            Attorney I.D.#0391787
                                            2701 University Ave. SE, Suite 209
                                            Minneapolis, Minnesota 55414-3236
                                            Telephone:  (612) 379-8800
                                            Facsimile: (612) 379-8810
                                            phelwig@lawpoint.com

                                            **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF Dakota )

Pursuant to 28 U.S.C. § 1746, Plaintiff Scott D. Cichantek, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __April__ __29th__, __2014__
           Month    Day    Year

_____
Signature